UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                           :

CHRISTOPHER HEDGES, DANIEL ELLSBERG,   :
JENNIFER BOLEN, NOAM CHOMSKY, ALEXA   :
O'BRIEN, US DAY OF RAGE, KAI WARGALLA, :
HON. BRIGITTA JONSDOTTIR M.P.,          :
                                           :

                      Plaintiffs,    :
                                           :

              -v-                   :    12 Civ. 331 (KBF)
                                           :

BARACK OBAMA, individually and as     :    <u>MEMORANDUM OPINION</u>
representative of the UNITED STATES OF :        <u>& ORDER</u>
AMERICA; LEON PANETTA, individually   :
and in his capacity as the executive  :
and representative of the DEPARTMENT   :
OF DEFENSE, JOHN MCCAIN, JOHN BOEHNER, :
HARRY REID, NANCY PELOSI, MITCH       :
MCCONNELL, ERIC CANTOR as               :
representatives of the UNITED STATES   :
OF AMERICA,                           :
                                           :

                      Defendants.   :
----------------------------------------- X

KATHERINE B. FORREST, District Judge:

    On May 16, 2012, this Court issued a preliminary injunction

(the "May 16 Order") enjoining enforcement of Section 1021(b)(2)

of the National Defense Authorization Act ("NDAA").  On May 25,

2012, the Government moved for reconsideration of the May 16

Order.

    Footnote 1 of the Government's Memorandum of Law in Support

of its Motion for Reconsideration set forth the Government's

interpretation of the scope of the injunction imposed by the

Order.  First, the Government stated that it construes the reach

of the injunction to apply only to the plaintiffs before the Court.  In other words, the Government believes that the May 16 Order enjoined enforcement of Section 1021 solely against the named plaintiffs in this action.  Second, the Government concluded that the injunction only relates to Section 1021(b)(2) of the NDAA.

Taking those points in reverse order, the Court agrees that the injunction does not go beyond Section 1021(b)(2) because the plaintiffs sought relief only as to that provision.  The Court notes, however, that the only persons "covered" when (b)(2) is put to one side are those who planned, authorized, committed, or aided in the actual 9/11 attacks.  See Pub. L. 112-81, 125 Stat. 1298 § 1021(b)(1).

As this Court informed the parties telephonically on June 1, 2012, it disagrees with the Government's interpretation as to whom the injunction covers: this Order is intended to leave no doubt as to that issue.[1]

The May 16 Order found Section 1021(b)(2) constitutionally infirm on two bases:  the First Amendment and the Due Process Clause of the Fifth Amendment.  As set forth below, the law has long provided that this type of finding has provided relief to

---

[1] On the June 1, 2012 telephonic conference, the Court requested that the parties confer among themselves and with each other and report back to the Court with the vehicle they think is best to resolve this action once and for all.

both the parties pursuing the challenge, as well as third

parties not before the Court.  This Court's preliminary

injunction was consistent with that precedent.  Put more

bluntly, the May 16 Order enjoined enforcement of Section

1021(b)(2) against anyone until further action by this, or a

higher, court--or by Congress.

The Supreme Court has made it clear that when a plaintiff

claims that a law is facially vague and violates his or her

Constitutional right to due process, that "party seeks to

vindicate not only his [or her] own rights, but those of others

who may also be adversely impacted by the statute in question.

In this sense, the threshold for facial challenges is a species

of third party (jus tertii) standing."  City of Chicago v.

Morales, 527 U.S. 41, 55 n.22 (1999).  A similar standard

governs facial First Amendment challenges to overly broad

statutes.  See, e.g., Sec'y of State of Md. v. Joseph H. Munson

Co., 467 U.S. 947, 958 (1984) ("Facial challenges to overly

broad statutes are allowed not primarily for the benefit of the

litigant, but for the benefit of society--to prevent the statute

from chilling the First Amendment rights of other parties not

before the court.").

Accordingly, court decisions, such as this Court's May 16

Order, enjoining enforcement of overly broad or vague statutes

may apply generally--they need not be limited only to the

parties to the action.  See Morales, 527 U.S. at 64 (upholding

an Illinois Supreme Court decision striking down state loitering

law as unconstitutionally vague); Vill. of Schaumburg v.

Citizens for a Better Env't, 444 U.S. 620, 634 (1980) (the

overbreadth doctrine allows "a litigant whose own activities are

unprotected [to] challenge a statute by showing that it

substantially abridges the First Amendment rights of other

parties not before the court"); NAACP Anne Arundel Cnty. Branch

v. City of Annapolis, 133 F. Supp. 2d 795, 813 (D. Md. 2001)

(obverbroad and vague "Annapolis Ordinance No. 0-19-99 is

declared unconstitutional and the City is permanently enjoined

from enforcing it"--i.e., as against anyone); Lytle v. Brewer,

73 F. Supp. 2d 615, 629 (E.D. Va. 1999) ("defendants are

prohibited from enforcing Va. Code Ann. 46.2-930, which

prohibits 'loitering' on bridges designated by the Commissioner

of the VDOT, throughout the Commonwealth"--i.e., as against

anyone), aff'd on other grounds, sub nom. Lytle v. Doyle, 326

F.3d 463 (4th Cir. 2003).  That was the ruling--i.e., the

injunction applies generally--in the May 16 Order.

The cases that the Government cites to support its

interpretation of the Order are inapposite.  For instance, Los

Angeles Haven Hospice, Inc. v. Sebelius, 638 F.3d 644, 660 (9th

Cir. 2011), turned on the "merits of Haven Hospice's claim that

the hospice cap regulation, 42 C.F.R. § 418.309(b)(1),

4

impermissibly conflicts with the hospice cap statute"; it did
not involve a constitutional question.

Monsanto Co. v. Geertson Seed Farms, 130 S. Ct. 2743, 2760
(2010) (finding that claimants who "do not represent a class . .
. [can] not seek to enjoin . . . an order on the ground that it
might cause harm to other parties"), and Meinhold v. United
States Department of Defense, 34 F.3d 1469, 1480 (9th Cir.
1994), are not due process or First Amendment cases: Monsanto
reconciled two federal statutes, and in Meinhold, the Ninth
Circuit found that the district court erred in adjudicating the
plaintiff's constitutional claim without ever addressing (let
alone first addressing) the nonconstitutional claims, and
upholding summary judgment for the Navy based upon the factual
record on the nonconstitutional claim, 34 F.3d at 1474-75.

The Government has also cited two cases that do arise in
the context of the First Amendment, but neither is similar to
the facts at issue here.  First, in United States v. National
Treasury Employees Union, 513 U.S. 454 (1995), the Supreme Court
held that an injunction preventing enforcement of an overbroad
statute "should be limited to the parties before the Court."
Id. at 477-78.  There, "granting full relief to respondents--who
include[d] all Executive Branch employees below grade GS-16" did
not require application of the statute at issue to Executive
Branch employees above grade GS-15, since the Court found those

5

high-level employees received a 25 percent salary increase that

sufficiently differentiated those from the category of other

employees.  Id. at 478.  In contrast, plaintiffs in this action

claim that section 1021(b)(2) of the NDAA may imperil expressive

activities generally and the due process rights of anyone

engaged in similar conduct; there is nothing to the contrary in

the current record on the preliminary injunction hearing.  The

May 16 Order's stated that there is a "strong public interest in

ensuring that due process rights guaranteed by the Fifth

Amendment are protected by ensuring that ordinary citizens are

able to understand the scope of conduct that could subject them

to indefinite military detention."  Hedges v. Obama, No. 12 Civ.

331, 2012 WL 1721124, at *28 (S.D.N.Y. May 16, 2012) (emphasis

added).  Therefore, as it stands, a narrower remedy

circumscribing the injunction would not afford sufficient

protection on the current record before this Court.

     Second, the Fourth Circuit (in the context of a First

Amendment overbreadth claim) limited the scope of a nationwide

injunction in Virginia Society for Human Life, Inc. v. Fed.

Election Commission, 263 F.3d 379 (4th Cir. 2001) (prohibiting

enforcement of an FEC regulation defining "express activity" as

to the plaintiff), because the case involved a single plaintiff,

and "[a]n injunction covering [that party] alone adequately

protect[ed] it from feared prosecution."   Id. at 393.   However,

the court did note that

> [n]ationwide injunctions are appropriate if necessary
> to afford relief to the prevailing party.  For
> instance, in Richmond Tenants Org. v. Kemp, 956 F.2d
> 1300 (4th Cir. 1992), a nationwide injunction
> prohibiting the eviction of public housing tenants
> without notice and a hearing was appropriate because
> the plaintiffs were tenants from across the country.

Id. (citations omitted).  Similarly, the plaintiffs in this case

hail from across the nation, and as noted above, they represent

the interests of similarly situated individuals not party to

this case.  Moreover, although the Fourth Circuit also noted

that individual circuits should generally refrain from issuing

nationwide injunctions to allow other courts to reach separate

conclusions about the constitutionality of the same statute, id.

at 393-94, the stakes in this case differ from those relating to

a Federal Election Commission regulation.  Here, plaintiffs

argue that they and others could be subject to indefinite

military detention under Section 1021(b)(2); accordingly, the

public interest in ensuring that ordinary citizens understand

the scope of such a statute justifies its breadth.

In sum, although it is certainly true as a general

proposition that "injunctive relief should be narrowly tailored

to fit specific legal violations," Waldman Publishing Corp. v.

Landoll, Inc., 43 F.3d 775, 785 (2d Cir. 1994) (Lanham Act

claim), and "should be no more burdensome to the defendant than

necessary to provide complete relief to the plaintiffs,"

Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (recoupment of

Social Security benefits), the injunction in this action is

intentionally expansive because "persons whose expression is

constitutionally protected [and not party to the instant

litigation] may well refrain from exercising their rights for

fear of criminal sanctions by a statute susceptible of

application to protected expression."   See New York v. Ferber,

458 U.S. 747, 768 (1982).   This order should eliminate any doubt

as to the May 16 Order's scope.


        SO ORDERED:

Dated: New York, New York
        June __6__, 2012


                                        _____
                                          Katherine B. Forrest
                                        UNITED STATES DISTRICT JUDGE