UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
CHRISTOPHER HEDGES et al.,

               Plaintiffs,

      v.                                  12 Civ. 331 (KBF)

BARACK OBAMA et al.,

               Defendants.
------------------------------------------------------------------ x

## Government's Memorandum of Law in Support of Its
## Motion for an Immediate Interim Stay and Stay Pending Appeal

PREET BHARARA
United States Attorney for the
Southern District of New York
86 Chambers Street
New York, New York 10007
Telephone: 212.637.2703, .2728
Fax: 212.637.2702
E-mail: benjamin.torrance@usdoj.gov
       christopher.harwood@usdoj.gov

BENJAMIN H. TORRANCE
CHRISTOPHER B. HARWOOD
Assistant United States Attorneys

   – Of Counsel –

**Table of Contents**

A. Applicable Standard. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

B. Relief Requested. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

C. The Government Meets the Standard for a Stay. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    1. The Government Is Likely to Prevail on Appeal. . . . . . . . . . . . . . . . . . . . . . . . . . 4

    2. Balance of Equities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

D. Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Defendants President Barack Obama and Secretary of Defense Leon Panetta (the "government") respectfully submit this memorandum in support of their motion for an immediate interim stay of the Court's September 12, 2012, permanent injunction pending the final resolution of this motion, and a further stay pending the final resolution of the government's appeal.

This Court's decision is unprecedented, and the government has compelling arguments that it should be reversed. The decision holds facially unconstitutional an Act of Congress that was passed to confirm the authority of the President as Commander in Chief under the Authorization for Use of Military Force in connection with ongoing military operations against al-Qaeda and its affiliates—a setting in which the Judiciary owes the greatest deference to the other branches—and in doing so it disregards the interpretation of the President's detention authority by two Presidents, the D.C. Circuit, and the Congress itself. It enters an injunction directly against the President as Commander in Chief—and against the Secretary of Defense in carrying out operations under his command, anywhere in the world. It enters that extraordinary injunction of worldwide scope at the behest of a handful of individual plaintiffs who lack standing even to seek relief on their own behalf, and who in any event present no plausible claim of substantial injury cognizable in a claim for equitable relief in this setting because the government has specified that the actions the plaintiffs identify in their complaint would not fall within the detention authority of section 1021(b)(2). And the conclusion that section 1021(b)(2) is facially invalid under the First Amendment cannot be squared with, inter alia, its intended application in an armed conflict and the fact that it has a plainly legitimate sweep in that context.

A stay of the injunction is needed now. Given the unprecedented nature of the Court's ruling, and the absence of any substantial countervailing equity of the plaintiffs because

there is no possibility of their detention based on the conduct they have identified, a stay pending appeal is plainly warranted. The Court's invalidation of an Act of Congress, as explained below, itself gives rise to irreparable injury, *see, e.g.*, *Maryland v. King*, __ U.S. __, No. 12A48, 2012 WL 3064878, at *2 (July 30, 2012) (Roberts, C.J., in chambers) ("'[A]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury.'" (quoting *New Motor Vehicle Bd.* v. *Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers))), justifying entry of a stay. That is particularly the case given that the statute is addressed to the President's exercise of his Commander-in-Chief power in the context of the United States' current combat operations against al-Qaeda, the Taliban, and their associated forces. The Court's injunction against the exercise of those war powers gives rise to separation of powers concerns of the first order, and should be stayed. At the very least, there are compelling reasons to grant an interim stay pending consideration of the government's motion for a stay pending appeal by this Court, or, if necessary, by the court of appeals.

## A. Applicable Standard

Courts consider four factors when determining whether to grant a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (footnote omitted). "[T]he degree to which a factor must be present varies with the strength of the other factors"; "more of one factor excuses less of the other." *Id.* (quotation marks, alterations omitted). Moreover, "when a serious legal question is

involved," the "movant need only present a substantial case on the merits . . . and show that the balance of the equities weighs heavily in favor of granting the stay." *LaRouche v. Kezer*, 20 F.3d 68, 72-73 (2d Cir. 1994).

### B. Relief Requested

By this motion, the government makes two requests. First, we seek an immediate interim stay pending final resolution of this motion. Given the harms and uncertainty detailed below, such an immediate interim stay is warranted. Should the Court not grant the government an interim stay, the government intends to seek similar relief from the court of appeals.

Second, we seek a stay pending the final resolution of the government's appeal. A notice of appeal was filed yesterday, September 13, 2012.

### C. The Government Meets the Standard for a Stay

Several fundamental principles should inform this Court's consideration of the stay factors.

First, based on separation-of-powers principles, the courts have recognized that any injunction running against the President would be extraordinary, and have questioned whether such an order would ever be appropriate regarding the President's "performance of his official duties." *Mississippi v. Johnson*, 71 U.S. (4 Wall.) 475, 501 (1866); *accord Franklin v. Massachusetts*, 505 U.S. 788, 802-03 (1992) (plurality) (the "grant of injunctive relief against the President himself is extraordinary, and should have raised judicial eyebrows," and generally courts lack jurisdiction to enjoin President); *id.* at 825-29 (Scalia, J., concurring and concurring in judgment) (discussing "unbroken historical tradition . . . implicit in separation of powers" against enjoining President). The reasons for denying a request for injunctive relief against the President are all the more compelling where, as

3

here, a plaintiff seeks injunctive relief—a judicial command—directly against the President as Commander in Chief under the Constitution with respect to the conduct of military operations—and especially where, as here, his actions are specifically authorized by an Act of Congress. Injunctive relief is equally unavailable against the Secretary of Defense in this context, where Executive Branch officers assist the President in carrying out powers and responsibilities vested in the President by the Constitution as Commander in Chief, and "their acts are his acts." *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 166 (1803); *see also* 10 U.S.C. § 113(b) (Secretary of Defense is the "principal assistant to the President" in defense matters, whose authority is "[s]ubject to the direction of the President"); *id.* § 162(b) ("Unless otherwise directed by the President, the chain of command to a unified or specified combatant command runs—(1) from the President to the Secretary of Defense; and (2) from the Secretary of Defense to the commander of the combatant command.").

Second, an Act of Congress is entitled to a presumption of constitutionality. "Whenever called upon to judge the constitutionality of an Act of Congress—the gravest and most delicate duty that this Court is called upon to perform—the Court accords great weight to the decisions of Congress." *Rostker v. Goldberg*, 453 U.S. 57, 64 (1981) (citation and quotation marks omitted). This case, moreover, "arises in the context of Congress' authority over national defense and military affairs, and perhaps in no other area has the [Supreme] Court accorded Congress greater deference." *Id.* at 64-65. Deference to Congress and the President cuts strongly in favor of granting a stay to allow the court of appeals to consider this Court's extraordinary injunction against the exercise of their shared power.

### 1. The Government Is Likely to Prevail on Appeal

As described at great length in the government's four memorandums of law filed in this matter, the government has strong arguments to present on appeal, and is likely to prevail.

4

Although this Court has disagreed with many of those arguments, that is not an impediment to a stay: a district court may recognize "a substantial case to lay before the Court of Appeals" even after having "rejected [an appellant's] contentions." *Network Enters., Inc. v. APBA Offshore Prods., Inc.*, No. 01 Civ. 11765, 2007 WL 398276, at *1 (S.D.N.Y. Feb. 5, 2007); *accord Center For Int'l Envtl. Law v. Office of U.S. Trade Representative*, 240 F. Supp. 2d 21, 22 (D.D.C. 2003) ("although the Court ultimately did not agree with defendants' position on the merits, it is evident that defendants have made out a 'substantial case on the merits'"). There can be no doubt that this case presents "serious legal question[s]"; thus, the government need only show a "substantial case" and that the equities balance in its favor. *Larouche*, 20 F.3d at 72-73.

As described in the government's memorandums, the government will present a strong argument that section 1021 does no more than affirm existing authority under the 2001 Authorization for Use of Military Force, without limiting or expanding it—an argument well supported by the statute's express text, legislative history, presidential signing statement, subsequent interpretation by the Executive Branch, and multiple decisions of the District of Columbia Circuit. Plaintiffs have not met and cannot meet their burden to show they have standing, as they lack an objectively reasonable fear that section 1021, correctly understood, could be applied to detain them. Indeed, the government has said plaintiffs will not be detained for the activities they have described.

The government also has strong arguments on the merits, as the plaintiffs have not demonstrated they meet the prerequisites for a facial or overbreadth challenge, especially to a statute addressed to matters concerning the nation's actions against al-Qaeda, the Taliban, and associated forces. Nor can they establish that the statute is unconstitutionally vague. Finally, the government will present strong arguments that equitable relief should

5

not have been granted; indeed, the injunction constitutes an extraordinary and unwarranted judicial intrusion into matters constitutionally committed to the Executive and Legislative Branches, and goes far beyond affording relief to the few individual plaintiffs in this case.

We respectfully incorporate the arguments previously presented to this Court in support of this motion for a stay.

### 2. Balance of Equities

The balance of equities—the last three factors for granting a stay, namely harm to the applicant, harm to other parties, and harm to the public—strongly favors the government. This case presents claims by plaintiffs who have no objectively reasonable chance of being detained under section 1021 or any other military-detention authority at any time in the foreseeable future. Indeed, while the government disputes the Court's interpretation of the government's position in this case and the alleged consequences to plaintiffs, not even plaintiffs have asserted any imminent action is to be taken against them; they only speculate that based on unspecified activity at an unspecified time, they are at risk of detention. Notably, the government has been operating under the same detention standards that are codified in section 1021(b) for years without any harm to plaintiffs, fatally undercutting any claim that they are suffering injury from that standard—even if, in the Court's erroneous view, that longstanding government interpretation is inconsistent with the AUMF. At a minimum, the government's assurance that plaintiffs' activities as described to this court do not place them at risk of being detained under section 1021 demonstrates that issuance of a stay will not substantially injure their interests.

The harm to the government and the public, on the other hand, is great and irreparable. Given the presumptive constitutional validity of an Act of Congress, the Court's

6

invalidation of a federal statute itself causes the government the kind of irreparable injury that is routinely recognized as a basis for granting a stay pending appeal. *See United States v. Comstock*, No. 08A863 (Apr. 3, 2009) (Roberts, C.J.) (quoting *Walters v. Nat'l Ass'n of Radiation Survivors*, 468 U.S. 1323, 1324 (1984) (Rehnquist, J., in chambers) ("The presumption of constitutionality which attaches to every Act of Congress is not merely a factor to be considered in evaluating success on the merits, but an equity to be considered in favor of applicants in balancing hardships.")); *Coalition for Economic Equality v. Wilson*, 122 F.3d 718, 719 (9th Cir. 1997) ("it is clear that a state suffers irreparable injury whenever an enactment of its people or their representatives is enjoined"); *see also Bowen* v. *Kendrick*, 483 U.S. 1304, 1304 (1987) (Rehnquist, J., in chambers) ("In virtually all of these cases [in which a single district judge declares an Act of Congress unconstitutional] the Court has also granted a stay if requested to do so by the Government."). Because an Act of Congress is deemed to be "in itself a declaration of public interest and policy which should be persuasive," *Virginian Ry. Co.* v. *Sys. Fed'n No. 40*, 300 U.S. 515, 552 (1937), its invalidation causes irreparable injury to the government and the public.

The harm here is especially great due to the particular nature of the statute the Court enjoined in this case. As the government argued previously, section 1021 concerns war powers in an ongoing armed conflict, an area in which courts are properly reluctant to act. The potential scope of this Court's injunction would effect precisely what the Supreme Court has warned against, "judicial intrusion into the Executive's ability to conduct military operations abroad." *Munaf v. Geren*, 553 U.S. 674, 700 (2008); *accord Winter v. NRDC*, 555 U.S. 7, 24-25 (2008); *Sanchez-Espinoza v. Reagan*, 770 F.2d 202, 208 (D.C. Cir. 1985) (Scalia, J.). It would also enjoin the President in his constitutional role as Commander in Chief of the armed forces, further harming the government and the public

7

by invading and limiting the authority of a constitutionally co-equal Branch of government. The Court's injunction against application of section 1021 "in any manner, as to any person," Order 111-12, combined with its mistaken view that section 1021 goes beyond reaffirming the authority contained in the AUMF, could impose entirely unjustified burdens on military officials worldwide, complicating the ability to carry out an armed conflict authorized by Congress in the public interest.

Given the absence of any risk of impending harm to plaintiffs, the serious injury to the government and the public interest in the invalidation of a statute enacted by public representatives, and the possible effect on an ongoing armed conflict and the Executive's prerogatives in military affairs, a stay is necessary. A stay will not only avoid the immediate imposition of these harms, but will allow well developed arguments to be presented to the court of appeals.

### D. Conclusion

The Court should stay the permanent injunction immediately, pending final resolution of this motion. The Court should further stay the permanent injunction pending final resolution of the government's appeal.

Dated:   New York, New York
         September 14, 2012

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York

By:   /s/ Benjamin H. Torrance
      BENJAMIN H. TORRANCE
      CHRISTOPHER B. HARWOOD
      Assistant United States Attorneys
      86 Chambers Street
      New York, New York 10007
      Telephone: 212.637.2703, .2728
      Fax: 212.637.2702
      E-mail: benjamin.torrance@usdoj.gov
              christopher.harwood@usdoj.gov

STUART F. DELERY
*Acting Assistant Attorney General*
*Civil Division,*
*Department of Justice*

JEH CHARLES JOHNSON
*General Counsel*
*Department of Defense*